**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
ANGEL MANUEL CANCEL,                :
                                    :
            Plaintiff,              :
                                    :
      v.                            :    Civil No. 05-5168 (RBK)
                                    :
HARLEY G. LAPPIN, et al.,           :
                                    :
            Defendant.              :
_____ :

**O P I N I O N**

**Kugler**, United States District Judge:

Pro se plaintiff Angel Manuel Cancel, a former federal prisoner on supervised release, seeks injunctive relief and compensatory damages from Defendants Harry G. Lappin, Director of the Federal Bureau of Prisons; James T. Plousis, United States Marshal for the District of New Jersey; and Christopher Maloney, Chief United States Probation Officer for the District of New Jersey, alleging that Defendants failed to adequately treat Plaintiff's orthopedic and neurological problems while Plaintiff was in their custody.  Defendant Plousis[1] moves to dismiss

---

[1] Defendant Plousis is the only defendant who has been served with process.  Therefore, Defendant Plousis is the only moving defendant.

Plaintiff's Complaint for failure to state a claim, or in the alternative, for summary judgment, arguing that 1) Defendant Plousis had no personal involvement in connection with Plaintiff's medical treatment during Plaintiff's pretrial custody with the Marshal Service; 2) the suit against Mr. Plousis is barred by the statute of limitations; and 3) there is no statutory authority that requires the government to pay for Plaintiff's medical care while on supervised release.  Plaintiff opposes the motion. For the reasons described below, the Court grants Defendant's motion to dismiss with regard to Defendant Plousis.

I. **BACKGROUND**

Pro se plaintiff, Angel Manuel Cancel ("Plaintiff"), was seriously injured in a car accident in June 1990.  As a result, Plaintiff suffers from severe orthopedic and neurological damage.

On October 3, 1990, the United States Marshal Service ("Marshals") arrested Plaintiff in California for charges that arose in the District of New Jersey.  The Marshals transferred Plaintiff to the Union County Jail in Elizabeth, New Jersey on October 17, 1990.  On April 2, 1993, while in pretrial custody with the Marshals, Plaintiff underwent back surgery and received subsequent medical treatment at various facilities.  In December 1993, while Plaintiff awaited trial, the Marshals transferred custody of Plaintiff to the Bureau of Prisons ("BOP") as a result of the overly burdensome expense associated with his medical

treatment.

Plaintiff was convicted in January 1995, and received a sentence of 188 months. Plaintiff sought additional back surgery while incarcerated, but the BOP did not provide it.

The BOP approved Plaintiff for placement in a Community Corrections Center in May 2003.  However, Plaintiff refused to accept financial responsibility for his medical care, and the BOP withdrew the approval.  Cancel was released on May 26, 2004, and now serves his five year term on supervised release.

On October 26, 2005, Plaintiff filed a pro se complaint in United States District Court, District of New Jersey, alleging that Defendants failed to provide Plaintiff with adequate medical care as required by the Eighth Amendment to the United States Constitution.

On April 5, 2006, Defendant Plousis moved to dismiss Plaintiff's claims, or in the alternative, for summary judgment, arguing that Defendant Plousis had no personal involvement with Plaintiff's medical treatment while Plaintiff was in pretrial custody with the Marshals; that the statute of limitations bars this suit against Mr. Plousis; and that there is no statutory authority to require the government to pay for Plaintiff's medical care while Plaintiff is on supervised release.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6),[2] the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief.  Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

**III. DISCUSSION**

A Bivens action is the federal equivalent of a cause of action under 42 U.S.C. § 1983.  Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001).  To state a cause of action under Bivens, a plaintiff must allege that the defendant violated plaintiff's rights "under color of federal law."  Id.

Congress has not legislated a statute of limitations for Bivens actions.  Napier v. 30 or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988). However, the Third Circuit has held that the same statute of limitations applies to § 1983 and Bivens claims.  See Mishra v. Fox, No. 06-1211, 2006 WL 2493135, at *1 (3d Cir. 2006) (citing Napier, 655 F.3d at

---

[2] Defendant's Notice of Motion requests relief under Federal Rule of Civil Procedure 12(b)(1).  However, a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate where Defendant claims that Plaintiff's suit is time barred by the applicable statute of limitations.  See Benak v. Alliance Capital Mgmt., 435 F.3d 396, 400 n.14 (3d 2006).

1087; Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1990); King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000)). The United States Supreme Court held that the statute of limitations for any § 1983 claim "is the state statute which limits actions for personal injuries." Wilson v. Garcia, 471 U.S. 261, 275 (1985). "In New Jersey [the relevant] statute is N.J.S.A. 2A:14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987) (emphasis added).

    Plaintiff alleges that Defendant Plousis deprived Plaintiff of medical care, in violation of Plaintiff's Eighth Amendment rights, while Plaintiff was in the custody of the Marshals. However, the Marshals permanently transferred custody of Plaintiff to the BOP in December 1993. Therefore, the statute of limitations for a Bivens action against Defendant Plousis ended in December 1995. Plaintiff did not file this action until October 26, 2005. Therefore, Plaintiff's Bivens complaint against Defendant Plousis is time barred by the two-year statute of limitations.

**IV. CONCLUSION**

    For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's claim against Defendant Plousis.

DATE: 10/19/2006                               s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               U.S. DISTRICT JUDGE