**NOT FOR PUBLICATION**                        (Docket No. 23)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

_____
ANGEL MANUEL CANCEL,            :
                                :
            Plaintiff,          :
                                :
        v.                      :        Civil No. 05-5168 (RBK)
                                :
                                :
HARLEY G. LAPPIN, et al.,       :
                                :
                                :
            Defendant.          :
_____:


### O P I N I O N

**Kugler**, United States District Judge:

Pro se plaintiff Angel Manuel Cancel, a former federal
prisoner on supervised release, seeks injunctive relief and
compensatory damages from Defendants Harry G. Lappin, Director of
the Federal Bureau of Prisons and Christopher Maloney,[1] Chief
United States Probation Officer for the District of New Jersey,
alleging that Defendants failed to adequately treat Plaintiff's
orthopedic and neurological problems while Plaintiff was in their
custody.  Defendants Lappin and Maloney move to dismiss
Plaintiff's Complaint for failure to effect service of process,

---

[1]     Plaintiff initially named James T. Plousis, the current
United States Marshal for the District of New Jersey, as a
defendant in this action.  However, this Court granted Defendant
Plousis's motion to dismiss in an Order dated October 19, 2006.

or in the alternative, for failure to state a claim. Plaintiff
opposes the motion. For the reasons described below, the Court
grants Defendants' motion to dismiss for failure to effect
service.

I.   **BACKGROUND**

Pro se plaintiff, Angel Manuel Cancel ("Plaintiff"), was
seriously injured in a car accident in June 1990.  As a result,
Plaintiff suffers from severe orthopedic and neurological damage.

On October 3, 1990, the United States Marshal Service
("Marshals") arrested Plaintiff in California on charges that
arose in the District of New Jersey.  The Marshals transferred
Plaintiff to the Union County Jail in Elizabeth, New Jersey on
October 17, 1990.  On April 2, 1993, while in pretrial custody
with the Marshals, Plaintiff underwent back surgery and received
subsequent medical treatment at various facilities.  In December
1993, while Plaintiff awaited trial, the Marshals transferred
custody of Plaintiff to the Bureau of Prisons ("BOP") as a result
of the overly burdensome expense associated with his medical
treatment.

Plaintiff was convicted in January 1995, and received a
sentence of 188 months. Plaintiff sought additional back surgery
while incarcerated, but the BOP did not provide it.

The BOP approved Plaintiff for placement in a Community
Corrections Center in May 2003.  However, Plaintiff refused to
accept financial responsibility for his medical care, and the BOP

withdrew the approval.  Cancel was released on May 26, 2004, and now serves his five year term on supervised release.

On October 26, 2005, Plaintiff filed a pro se complaint in United States District Court, District of New Jersey, alleging that Defendants failed to provide Plaintiff with adequate medical care as required by the Eighth Amendment to the United States Constitution.  On November 1, 2005, this Court granted Plaintiff permission to proceed in forma pauperis ("IFP").  This Court also ordered the Marshals to serve a copy of the complaint and a summons upon the "defendant(s) as directed by the plaintiff," pursuant to 28 U.S.C. § 1915(d).

On October 24, 2006, Defendants Lappin and Maloney moved to dismiss Plaintiff's claims for failure to serve, or in the alternative, for failure to state a claim.

## II.  SERVICE

### A.    Standard

Although courts must construe pro se complaints liberally in favor of plaintiffs, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure, Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996) (holding that where defendant is improperly served, district court lacks jurisdiction over defendant regardless of whether defendant had actual notice

of lawsuit); <u>Eastman Kodak Co. v. Studiengesellschaft Kohle mbH</u>,
392 F. Supp. 1152, 1154 (D. Del. 1975) ("Service of process on a
[defendant] is the procedural incident of the assertion of a
court's jurisdiction over it."). Consequently, even with the
relaxed treatment accorded pro se plaintiffs, the Court has no
power to adjudicate a suit over defendants who have not been
served. <u>Jones v. Frank</u>, 973 F.2d 872 (10th Cir. 1992) (upholding
dismissal of pro se suit for insufficient service of process);
<u>Townsel v. Contra Costa County,</u> 820 F.2d 319 (9th Cir. 1987)
(same).

B.    **Defendants' Motion to Dismiss for Failure to Serve
Process**

Defendants Lappin and Maloney move to dismiss Plaintiff's
complaint because Plaintiff failed to serve process pursuant to
Federal Rule of Civil Procedure 4(i)(2)(B). Specifically,
Defendants allege that Plaintiff served neither Defendant Maloney
nor Defendant Lappin because Plaintiff sent a summons and
complaint to the Defendants' place of employment, where coworkers
received them.

Federal Rule of Civil Procedure 4(i)(2)(B) provides
that service upon

> an officer or employee of the United States sued in an
> individual capacity for acts or omissions occurring in
> connection with the performance of duties on behalf of
> the United States . . . is effected by serving the United
> States in the manner prescribed by Rule 4(i)(1) and by
> serving the officer or employee in the manner prescribed
> by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(B).

Plaintiff effected service on the United States Attorney for
the District of New Jersey, as well as the Attorney General of
the United States.  Therefore, the only issue is whether
Plaintiff effected personal service on the Defendants under Rule
4(e).[2]

Rule 4(e) provides that

> Unless otherwise provided by federal law, service upon an
> individual from whom a waiver has not been obtained and
> filed, other than an infant or an incompetent person, may
> be effected in any judicial district of the United
> States:
>
> (1) pursuant to the law of the state in which the
> district court is located, or in which service is
> effected, for the service of a summons upon the defendant
> in an action brought in the courts of general
> jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the
> complaint to the individual personally or by leaving
> copies thereof at the individual's dwelling house or
> usual place of abode with some person of suitable age and
> discretion then residing therein or by delivering a copy
> of the summons and of the complaint to an agent
> authorized by appointment or by law to receive service of
> process.

Fed. R. Civ. P. 4(e).

Federal Rule of Civil Procedure 4(c)(2) provides

> Service may be effected by any person who is not a party
> and who is at least 18 years of age. At the request of
> the plaintiff, however, the court may direct that service
> be effected by a United States marshal, deputy United
> States marshal, or other person or officer specially
> appointed by the court for that purpose. Such an

---

[2]     Federal Rules of Civil Procedure 4(f) and 4(g) are not
applicable here.  Therefore, only Rule 4(e) is relevant to the
analysis in this case.

> appointment must be made when the plaintiff is authorized
> to proceed in forma pauperis pursuant to 28 U.S.C. § 1915
> . . . .

Fed. R. Civ. P. 4(c)(2). If proper service is not made within 120 days of filing the complaint, the action is subject to dismissal, without prejudice, or the court may "direct that service be effected within a specified time . . . ." Fed. R. Civ. P. 4(m).

Before dismissing a suit for insufficient service of process, the court should first "determine whether good cause exists for an extension of time." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (holding that "good cause" is the same standard as "excusable neglect" under Rule 6(b)(2)) (citing Petrucelli, 46 F.3d at 1312). "The burden of establishing excusable neglect is upon the appellant, even one proceeding pro se." Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (citations omitted)).

A pro se litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process. Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (quoting Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that a pro se litigant's ignorance of

[the Rules] excuses his compliance with the [Rules] would automatically excuse his failure to serve his defendants timely.")); <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir. 1987) ("To hold that complete ignorance of Rule 4 . . . constitutes good cause for untimely service would allow the good cause exception to swallow the Rule.").

In <u>Welch v. Folsom</u>, 925 F.2d 666 (3d Cir. 1991), the Third Circuit vacated a district court's entry of dismissal of a complaint by an IFP plaintiff. Specifically, the Third Circuit stated that the district court failed to comply with 28 U.S.C. § 1915(c), "which unequivocally states: '[t]he officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.'" <u>Id.</u> at 670. Importantly, the district court in <u>Welch</u> failed to order the Marshals to effect service on the defendant. <u>Id.</u> at 671. The court cited, among others, a Fifth Circuit case, <u>Rochon v. Dawson</u>, 828 F.2d 1107 (5th Cir.1987), which stated, "a plaintiff proceeding [IFP] is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, <u>where such failure is through no fault of the litigant</u>." <u>Id.</u> at 1110 (emphasis added).

There is additional case law from other circuits that supports dismissal of a case where a plaintiff, aware of the service requirements, fails to fully inform the Marshals of the full extent of those requirements. For example, in <u>Fohne v.</u>

James, 176 F. App'x 674 (7th Cir. 2006), the Seventh Circuit affirmed the dismissal of a complaint asserted by an IFP plaintiff where the plaintiff failed to serve the Attorney General of the United States.  Before dismissing the complaint, however, the district court held a hearing where the court ascertained that the plaintiff failed to request the Marshals to serve the Attorney General of the United States. Id. at 675. At this hearing, the court notified plaintiff of this requirement, and gave the plaintiff an extension of time to properly effect service.  Id.  After this extension expired, the court granted a second extension of time.  Id. Only after the hearing and two extensions of time did the district court dismiss the complaint for failure to effect service. Id.

As an initial matter, Plaintiff failed to comply with Rule 4(e)(2) because he failed to direct the Marshals to serve a copy of the summons and complaint to Defendants Lappin and Maloney personally.  Nor did Plaintiff direct the Marshals to leave a copies of the summons and complaint at either Defendant Lappin's or Defendant Maloney's "dwelling house or usual place of abode." Therefore, the Court concludes that service is defective.

Although the Third Circuit endorses a liberal interpretation of Rule 4, this Court finds that such an extension is inappropriate in this case.  This case is distinguishable from Welch, where the plaintiff proceeded IFP and believed the Marshals would effect service on his behalf, but the district

court in Welch never ordered the Marshals to do so.  Unlike the district court in <u>Welch</u>, this Court ordered the Marshals to serve Defendants "as directed by the plaintiff," and the Marshals complied.  Therefore, Plaintiff in this case cannot blame the Marshals, but rather his own misunderstanding of the Federal Rules, which does not constitute good cause justifying an extension of time to serve.  <u>See</u> <u>also</u> <u>Leon v. Schaff</u>, 2007 WL 703536, No. 05-4296, at *3 (denying defendants' motion to dismiss for failure to serve the Attorney General of the United States because the Court never ordered the Marshals to serve the Attorney General in the first instance, therefore the plaintiff was not responsible for the defective service).

Moreover, Plaintiff had notice of the ineffective service of process.  In a letter dated February 6, 2006, the United States Attorney wrote Plaintiff, stating that his office received the notice and complaint, but that did not adequately effect service. The United States Attorney attached a copy of Rule 4 for Plaintiff's reference. On April 21, 2006, Defendants notified Plaintiff of his failure to effect service on Defendants in a letter to this Court, of which Plaintiff received a copy. Defendants attach a copy of this letter to their brief supporting this motion as Exhibit 6.  In this letter, Defendants expressly notify Plaintiff that he failed to personally serve Defendants Lappin and Maloney.  In addition, Defendants notified Plaintiff of the deficiency in service by way of this motion to dismiss,

dated October 24, 2006.  Despite this notice, Plaintiff continues to assert that service was proper, and he took no additional steps to effect service.

Because the Court finds that Plaintiff did not properly serve Defendants Lappin and Maloney, and because the Court finds that this failure is attributable solely to Plaintiff, rather than the Marshals or this Court, this Court grants Defendants motion.

## V.    CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss for Plaintiff's failure to effect service on Defendants Lappin and Maloney.


DATE:6/11/2007                          s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        U.S. DISTRICT JUDGE